EDWARD BOWKER *vs.* HAROLD R. SEMPLE, *et al.*

DECEMBER 19, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

STEARNS, C. J. This is a bill in equity to have a sheriff's deed of real estate which was sold under an execution declared to be void and a cloud on the title of complainant. The cause was heard upon bill, answers, replications and proofs and is now in this court upon complainant's appeal from a final decree denying and dismissing the bill.

The sale is claimed to be void for two reasons (1) notice thereof was not posted in three public places as required by statute; (2) there were no bona fide bidders present, and the consideration paid was so grossly inadequate as to invalidate the sale.

The complainant, a man over seventy years of age, is a carpenter by trade. The premises sold consist of four lots of land with a cottage house thereon in the South Auburn district of the city of Cranston. Complainant built his house on two lots which he bought first; later, he bought two adjoining lots.

In February, 1925, complainant became one of five co-makers on a promissory note for $300 payable to the Morris Plan Co. of Rhode Island. Herbert C. Bowker, his son and one of the co-makers of the note, received the money on the note. After several partial payments had been made by Herbert, the Morris Plan Co. brought suit in the district court against the complainant because of default in the payment of the note and attached his real estate. The action was unanswered and complainant was defaulted. Upon proof of claim judgment was given for plaintiff for $224.16 and costs. Execution issued October 26 and levy on all of complainant's real estate was made November 18, 1925. The premises were sold under the execution March 6, 1926, for one dollar at the office of the sheriff in the Providence

County Court House to respondent Harold R. Semple, the attorney for the judgment creditor. Title was taken in Semple's name because the Morris Plan Co. under its charter was not authorized to take title.

The Sheriff's deed to Semple was executed March 17 and recorded March 20, 1926. The return on the execution, in addition to other entries, has the following:

"Amt. Bid at Sale          1.00

Bal due on execution    $267.87"

May 21, 1926, by quitclaim deed duly recorded Semple conveyed the property to Martin Royston for $300. Royston never saw the property nor did he examine the title. May 22 he sold it to Sayles Gorham for $1250 and the same day Gorham sold it to Charles Lelacheur for $3000. By direction of Lelacheur the deed was made and delivered to one of his employees, Michael P. Conroy. Conroy on the same day, upon an application previously made by Lelacheur, obtained a loan of $3000 from the respondent Old Colony Co-operative Bank for which he gave to the bank his promissory note for that amount, secured by a mortgage upon the premises which was duly recorded. June 9, 1926, Conroy by deed, duly recorded, conveyed the premises to Walter R. Berry and received therefor in payment a second mortgage for $550 on the same premises. Conroy later transferred this second mortgage to Barney Goldberg. Berry, June 25, 1926, conveyed the property subject to the two mortgages to one Mello, who now holds the record title. After the filing by complainant of a *lis pendens* notice on June 19, 1926, Conroy and the Old Colony Co-operative Bank filed petitions asking leave to intervene and a decree was entered permitting them to become parties respondent. Berry and Goldberg did not enter any appearance. The trial justice decided, apparently correctly, that all of the conveyances made by Conroy were substantially part of the same transaction in which Conroy took title; also that Conroy and the Old Colony Co-operative Bank were bona fide purchasers for value unless the

recording of the sheriff's deed showing a consideration of only $1 paid could be considered as notice. Whether they were affected with notice was not expressly decided. The justice decided contrary to the complainant's testimony, that complainant had delayed for three months after he knew of the sheriff's sale before taking any action to set it aside and that this delay established laches. The purchasers prior to Conroy were held to have bought on speculation and not to be entitled to stand in as good a position as Conroy and the Bank.

Complainant's property was taxed for $1450 and was proved to be worth about $4500. None of the transferees ever went onto the premises and most of them never even saw the property or considered the record title. Complainant has lived on this property for twenty-eight years and still lives there. There was no encumbrance on the property prior to the attachment; no demand for possession, for the payment of rent nor any claim of ownership has ever been made upon complainant by any transferee. The consideration of one dollar was insufficient and grossly inadequate. The inadequacy of price alone is not a sufficient reason to set aside the sale. But a gross inadequacy of price is an important consideration in combination with other circumstances in determining whether there has been a valid sale. *Boiani* v. *Wilson & Pettey*, 47 R. I. 317. That the record of title was such as to establish notice of the gross inadequacy of the price and the probable invalidity of the sale might well be maintained. But we do not base our opinion on this ground. Complainant does not charge any actual fraud. Assuming the good faith of the deputy sheriff, his discretion in the conduct of the sale is subject to criticism. An officer has a duty to perform for the debtor as well as for the creditor. The debtor is entitled to have his property sold, if possible, under such conditions as to insure a reasonable expectation of securing a fair price. *Aldrich* v. *Wilcox*, 10 R. I. 405. The sheriff's sale might properly have been adjourned as there was but one bid made and that for an

amount not sufficient even to pay the costs of the sale and no bidders were present except the attorney of the judgment creditor. *Reynolds* v. *Hoxsie*, 6 R. I. 463.

The sheriff's sale was void because of the failure to give the required statutory notice. General Laws, 1923, Chapter 355, Section 11, provides that the officer charged with the service of an execution on real estate shall set up notifications of such levy in three or more public places in the town where said real estate lies, for the space of three months after such levy and before the same shall be exposed to sale, notifying all persons concerned of the levy and intended sale of said estate, that the owner thereof may have an opportunity to redeem the same, and he shall also advertise such sale once a week in some newspaper published in the county where such estate lies for the space of three weeks next before the time of such sale. The sale must be at public auction; the sheriff's deed vests in the purchaser all of the debtor's interest in the estate. The form of the deed, which must state the true consideration and contain a certified copy of the execution and the officer's return thereon, is prescribed by Section 16. The sheriff's deed to Semple sets forth that the levy was made on November 18, 1925, and further as follows; "And (I) have set up notification of said levy in three public places in the City of Cranston . . . for the space of three months after such levy and before said premises were exposed for sale, to wit, one at the office of the City Clerk, Cranston; one at the District Court Room of the Eighth Judicial District in Knightsville, Cranston, and one at Small's Store in Cranston, that the same would be sold at Public Auction, to be held at the Sheriff's Office in the Providence County Court House, Providence, said County and State, on the 6th day of March, A. D. 1926, at 12 o'clock Noon; and have also notified such sale by causing an advertisement to be published once a week for a space of three weeks next before the time of such sale in the Evening Tribune, a daily newspaper published in the City and County of Providence, said State . . . ."

The statute provides that no real estate shall be sold by virtue of any execution unless notice shall be given by setting up notifications of the levy in three or more public places. As the power of the sheriff to sell and to transfer the estate is derived from the statute it can be legally executed only in the manner prescribed by the statute. The requirements of the statute must be strictly followed, otherwise the sale is void. *Wilcox* v. *Emerson*, 10 R. I. 270; *Goldsworthy* v. *Coyle*, 19 R. I. 323. Two of the notices of the sale were set up in the Cranston City Hall in a hallway which runs from the lower to the second story; one at the office of the city clerk at the foot of the stairway, the other at the entrance to the District Court Room at the top of the same stairway. Regardless of the number of notices set up in this building there was in fact but a posting of notice in one public place, namely, the City Hall. If different parts of a building can be regarded as different public places the third notice might just as well have been set up in another part of the City Hall. The notices are intended to give the public and the debtor notice of the proposed sale. The provision for at least three postings of notice plainly requires the selection of three public places therefor which are separate and not immediately adjoining. The phrase "public place" is relative not absolute. What is a public place for one purpose may not be such for another. Whether a certain place is a public place within the meaning of a particular statute is often a question partly of fact, partly of law.

The nature, location and use made of the particular place are to be considered as also the intent of the statute. In the selection of a public place for setting up a notice much is left to the discretion of the sheriff and when that discretion is reasonably and fairly exercised the court will not interfere. One notice was posted in a small grocery store across the street from the City Hall. For some years it has been the common practice to post the sheriff's notices in this store and in the circumstances we think this may properly be con-

sidered to be a public place although it would have been better to have distributed the notices more widely.

As the statutory requirement for setting up the notices was not complied with the execution sale was without authority of law and is void.

The complainant's appeal is sustained and the decree appealed from is reversed.

The parties may present on December 31, 1930, a form of decree for entry in the Superior Court.

*Edward M. Sullivan, John J. Sullivan,* for complainant.

*Comstock & Canning, Edward M. Brennan,* for respondents.