256 A.2d 1.

EARL LAMBERT *et al. vs.* TOWN COUNCIL OF THE TOWN OF WEST GREENWICH.

JULY 24, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the town council of the town of West Greenwich granting an application for a license to operate an automobile junkyard on Hazard Road in that town. Pursuant to the writ, the pertinent records of the hearing and decision have been certified to this court by the respondent town council.

It appears therefrom that the applicant applied for the instant license on December 31, 1968. In its application the applicant stated that it had been operating its junkyard pursuant to a license on land located on Hopkins Hill Road in that town and that such land had been taken by condemnation. A hearing was held on February 12, 1969, on the application, and at the close of that hearing the town council voted to grant the license. It is to be noted that nothing in the record discloses precisely when the land upon which the applicant formerly operated the junkyard was taken by eminent domain. The respondent, however, in opposing the issuance of the writ, appears to concede that such business was being conducted on Hopkins Hill Road on January 31, 1966, at which time said land was acquired by the state in an exercise of the power of eminent domain. Whether it was upon that date that the condemning authority filed a plat and thereupon took title to the land is not disclosed in the record.

The license authorizes Norman's, Inc., the applicant, to establish an automobile junkyard subject to express restrictions on the use thereof as follows: "1. This license is to cover an area, to be chosen by the licensee, not to exceed twenty-five (25) acres 2. The junkyard shall be at least three hundred (300) feet from any town highway 3. The junkyard shall be screened from view either by natural objects or well constructed and properly maintained fences at least six (6) feet high, acceptable to the Town Council, which will assure that it cannot be seen from the town

highway 4. Adequate fire lanes shall be maintained through the junkyard at all times."

We are aware that the above-stated restrictions purporting to comply with the provisions of G. L. 1956, §5-21-4, while appearing on the face of the certificate of license issued to the applicant by the town clerk, differ from the restrictions placed upon the license as granted by the town council. They differ particularly in that the condition imposed by the town council in granting the license required that the junkyard be "at least 300 feet from any highway" and that it be "screened from view either by natural objects or fences." We shall again refer to this variation between the certificate of license and the license granted by the council in the course of this opinion.

The petitioners in this court raised a number of questions as to the validity of the action of the town council in issuing the license. They appeared to rely substantially upon a contention that the town council, in giving the notice prescribed by the statute as to the holding of a public hearing on the application, did not comply with that provision of the statute which required the posting of such notice in at least two public places within the town. Authority to issue licenses for the operation of automobile junkyards is conferred upon the town council by the provisions of §5-21-1, as amended, which grants the town power to issue licenses to all persons establishing and operating automobile junkyards. Section 5-21-2 (a), as amended, of the act provides, in part, however, that the town council before granting a license to operate an automobile junkyard "* * * in any location not lawfully occupied for such purpose at the time of the application for such license, shall hold a public hearing notice of which shall be posted * * * in not less than two (2) public places in said city or town and in a newspaper of general circulation in said

city or town wherein such * * * junkyard is to be established, operated or maintained * * *."

It is clear that the statute requires that notice of the public hearing be posted in not less than two public places in the town. It is not disputed that the town sergeant, pursuant to the provisions of the statute, posted notices of the pending hearing at the West Greenwich town hall, at a grocery store, a package store, and a tavern. The petitioners contend, however, that the three privately owned locations are not public places within the contemplation of the pertinent provisions of §5-21-2 (a).

We are unable to accept petitioners' conclusion that posting of the notice in the three privately owned premises did not constitute compliance with the statutory requirement for posting in public places. In *Bowker* v. *Semple,* 51 R. I. 142, 152 A. 604, this court held a sheriff's sale void because of the failure to give the required statutory notice, there being a posting of a number of notices in but one public place, the Cranston City Hall. However, we noted in that case that "The nature, location and use made of the particular place are to be considered as also the intent of the statute. In the selection of a public place for setting up a notice much is left to the discretion of the sheriff and when that discretion is reasonably and fairly exercised the court will not interfere."

We think that the instant statute vests in the town sergeant a similar discretion to that vested in the sheriff in *Bowker.* We perceive no abuse of that discretion in the selection of the three privately owned premises for the posting of notice in the instant case. In our opinion, the posting of notices on privately owned property does not change necessarily the character of the notice from one that is public to one that is private. If it is reasonably probable that the notice will be seen by potential remonstrants, the mere fact that the premises are privately owned does not deprive

it of its character as a public notice. The use by the public of the place of the posting is the major consideration and not the fact of private ownership thereof. It has not been made to appear in the instant case that the three privately owned premises selected by the town sergeant for the posting of the notice were not so situated as to afford reasonable probability that the notice would be seen by potential remonstrants, and we find that the posting constituted compliance with the pertinent provision of §5-21-2 (a). For a collection of cases on this issue, see Annotation in 90 A.L.R.2d 1210.

The petitioners, however, raise two further contentions concerning the validity of the issuance of the license by the town council. Primarily, in this regard they argue that the issuance was invalid because the town council failed to comply with the mandatory provisions of §5-21-4 of the statute which, they argue, limit the authority of the town council to issue such a license. The particular provisions of the statute upon which such contention is based provide that no license shall be granted for an automobile junk-yard unless "* * * (c) it is: (1) more than one thousand (1,000) feet from the nearest edge of any highway on the interstate or primary system. (2) more than six hundred (600) feet from any other state highway; and (3) more than three hundred (300) feet from any park, bathing beach, playground, school, church or cemetery and is not within ordinary view therefrom; and (4) screened from view either by natural objects or well-constructed and properly maintained fences at least six (6) feet high acceptable to said city or town and in accordance with regulations as promulgated by the director of public works and as specified on said license."

We agree with this contention of petitioners. In *Atlantic Tubing and Rubber Co.* v. *City Council,* 105 R. I. 584, 254 A.2d 92, we held that an individual landowner is entitled

to the beneficial use of his property subject to regulation by the municipality in a reasonable exercise of the police power. We there emphasized the derivative nature of the police power as exercised by the municipality, noting that such a municipality's authority to regulate the use of private property must rest upon an express grant of such power from the general assembly and that the power is to be exercised in strict conformity with the terms of the legislative grant. It is clear that in §5-21-1 a broad authority has been delegated to the municipality to regulate by ordinance the licensing of property to be used for the operation of an automobile junkyard. However, §5-21-4 restricts the broad delegation of authority granted in §5-21-1 by providing that no license shall be granted for an automobile junkyard under §5-21-1 unless certain enumerated conditions are first satisfied.

Among the conditions that are pertinent in the instant case are the restrictions contained in §5-21-4 (c)·(1) through (4), inclusive. It is therein specified, as above set out, that the automobile junkyard must be located more than 1,000 feet from the nearest edge of a highway on an interstate or primary system, more than 600 feet from any other state highway, and that the junkyard must be screened from view by either natural objects or a fence at least six feet high. In the instant case, as we have already stated, in granting the license, the town council authorized the instant licensee to maintain and operate the automobile junkyard at least 300 feet from *any* highway. This on its face is clearly contrary to the provisions of §5-21-4, it being possible under the terms of the license granted by the town council to locate such an automobile junkyard closer to an interstate or primary highway system or a state highway than the general assembly authorized in the enabling legislation.

It appears further that in granting the license the town

council failed to comply with the mandate of §5-21-4 (c)(4) which requires that the automobile junkyard be "screened from view either by natural objects or well-constructed and properly maintained fences at least six (6) feet high * * *." The instant license, however, permits the licensee to screen his property by either "natural objects or fences" and does not require any particular construction or height for those fences. It seems clear to this court that the town council, in issuing the instant license, has failed to comply strictly with the provisions of §5-21-4 and, therefore, acted in excess of its authority to issue the license. In such circumstances we feel that the records of the town council granting the license in the instant case must be quashed.

In so concluding, however, we are persuaded that the state of the record in this case has made it difficult to determine the validity of the action of the town council in a judicial review of the character of this proceeding. While we have concluded that the posting of the advertisements complied with the statutory provisions, we conclude also that the absence from the record of some reasonably accurate statement of the findings and reasoning of the town council may well be impeding appropriate action on our part. As we have noted, the license certificate issued by the town clerk in an exercise of her ministerial duty varies substantially from the conditions imposed upon the licensee by the town council in an exercise of its legislative power. We are persuaded that the ends of justice would best be served if another hearing were to be held on this application and a definite effort made to preserve for the reviewing court an accurate and reasonably full record of the doings of the council thereon. While we will not sua sponte remand the case for further consideration, it is our opinion that in quashing the record of the decision of the town council, we should do so without prejudice to the right of

the applicant here to file another application for such a license.

The petition for certiorari is granted, and the decision of the respondent town council is quashed without prejudice.

*Vincent A. Ragosta, Thomas J. Caldarone, Jr.,* for plaintiffs.

*Joseph C. Johnston,* Town Solicitor, *Gunning & LaFazia, V. James Santaniello,* for Norman's, Inc., for defendant.